■ In the Matter of MICHAEL DIXON and Others. COMMISSIONER OF DEPARTMENT OF SOCIAL SERVICES OF ONONDAGA COUNTY, Respondent, v PATRICIA DIXON, Appellant.—Order unanimously affirmed, without costs. Memorandum: Patricia Dixon appeals from a fact-finding order of Family Court which found her children Michael, Patricia and Diana to be neglected and which ordered them continued in the custody of the Onondaga County Department of Social Services (DSS). The ultimate finding which underlays the order was the following: "That the physical condition of the above said children who are the subject of this proceeding is in imminent danger of becoming impaired as the result of the failure of the Respondent to exercise a minimum degree of care in providing said children with proper supervision and guardianship by using alcoholic beverages to the extent that she loses self-control". Appellant contends that the finding of neglect is not supported by a fair preponderance of the hearing evidence. Appellant has 10 children, none of whom was living with her at the time of the hearing. Although the order concerns three children, this appeal is limited to the custody of only one child, Diana, who was not born until July, 1972. On various occasions appellant was living with a man to whom she was not married. Appellant's difficulties are primarily the result of addiction to alcohol. Her problem in this respect started in 1968 and has continued in varying degrees until the date of the hearing which resulted in the instant order. On January 8, 1969 appellant's children were removed from her home after police and social service workers found appellant badly intoxicated and unable to care for them. The 1969 hearing resulted in an adjudication of neglect and the children involved in that proceeding were placed in the care of DSS for 18 months. Five days after Diana's birth she was removed from appellant's custody by order of the Family Court and was not returned to appellant until February 14, 1973 but subject to continuing DSS supervision. This child was again removed on April 3, 1973 as a result of a report of neglect by the police to the DSS. Diana suffers from respiratory infection and requires close attention to her health, a care which was seriously lacking when the child lived with her mother. No good purpose can be served by reciting the number of Family Court hearings which were necessitated by appellant's neglect of her children, and Diana in particular. Appellant refused to testify at the hearing although requested to do so by the Law Guardian. The evidence of appellant's drinking to excess up to the date of the hearing clearly justified Family Court's determination that Diana is a "neglected child" within the provisions of section 1012 of the Family Court Act. It has now been two years since the order appealed from and appellant has the right to make another application to Family Court. Until she can prove that she has substantially changed her conduct and can properly care for Diana, the child should not be returned to her custody. (Appeal from order of Onondaga County Family Court—neglect.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.